14180-05635-JHO

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
By:  Matthew J. Behr, Esquire
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
856-414-6000
Attorney for Defendant(s), Digital Realty Trust, L.P. and
Digital 210 Tucker, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
*(Camden Vicinage)*

| | |
|---|---|
| AXXA COMMERCE, LLC | CIVIL ACTION NO.:  1:09-cv-653 |
| Plaintiff(s), | |
| **vs.** | |
| DIGITAL REALTY TRUST, L.P., DIGITAL 210 TUCKER, LLC, CAPSTAR COMMERCIAL REAL ESTATE SERVICES, BANDWIDTH EXCHANGE BUILDINGS, LLC d/b/a ST. LOUIS MEET-ME-ROOM, BEB-210, LLC, and BEB-900, LLC | |
| Defendant(s). | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, TRANSFER VENUE**

On the Brief:  Matthew J. Behr, Esquire

# Table of Contents

**Page**

I.   INTRODUCTION ........................................................... 1

II.  FACTUAL BACKGROUND ...................................................... 4

III. LEGAL ARGUMENTS ......................................................... 6

A. PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT LACKS JURISDICTION OVER THE MOVING DEFENDANTS .. 6

1.   NEITHER GENERAL NOR SPECIFIC JURSIDICTION APPLIES.............. 6

   a.   210 Tucker Is Not Subject To General Jurisdiction........... 7

   b.   210 Tucker Is Not Subject To Specific Jurisdiction ........ 8

      i.   Purposeful Availment Doctrine................................... 9

      ii.  Stream of Commerce Theory........................................ 9

      iii. The Effects Test .................................................... 10

B. VENUE IS NOT PROPER IN THE UNITED STATES DISTRICTCOURT OF NEW JERSEY .................................................. 11

1.   THE EVENTS GIVING RISE TO THE ALLEGED ACTIONS AND/OR INACTIONS OCCURRED IN THE EASTERN DISTRICT OF MISSOURI............. 13

2.   TRANSFER IS APPROPRIATE TO THE EASTERN DISTRICT OF MSSOURI ................................................................ 16

   a.   Plaintiff's Forum Choice Is Not Determinative................. 19

   b.   Ease of Access to Evidence in Light of Location of the Property................................................................ 19

   c.   Convenience of Parties, Witnesses and Compulsory Process ................................................................ 20

IV.  CONCLUSION ........................................................... 21

## TABLE OF AUTHORITIES

### FEDERAL CASES

Arkwright Mutual Insurance Co. v. Scottsdale Insurance
    Co., 874 F. Supp. 601 (S.D.N.Y. 1995) ................ 15

Calder v. Jones, 465 U.S. 783 (1984) ..................... 8

Chrysler Capital Corp. v. Woehling, 633 F. Supp.478
    (De 1987) ...................................... 19, 20

Clark v. Matsushita Electric Industrial Co., 811 F.
    Supp. 1061 (M.D. Pa. 1993) ........................... 7

Colt Studio, Inc. v. Badpuppy Enterprise, 75 F. Supp.
    2d 1104 (C.D. Cal. 1999) ............................ 17

Cottman Transmission System, Inc. v. Martino, 36 F.3d
    291 (3d Cir. 1994) ......................... 12, 13, 15

Helicopteros Nacionales de Columbia, S.A. v. Hall, 466
    U.S. 408 ........................................ 6, 8

Hoffman v. Blaski, 363 U.S. 335 (1960) .................. 17

Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d
    1408 (Fed. Cir. 1996) ........................... 12, 15

Hughes Aircraft Co. v. Jacobson, 525 U.S. 432 (1999) ..... 19

Iannello v. Busch Entertainment Corp., 300 F. Supp. 2d
    400 (E.D. Va. 2004) ................................. 15

Imo Industrial v. Kiekert AG, 155 F.3d 254 (3d Cir.
    1998) ........................................... 10, 11

Jacobson v. Hughes Aircraft Co., 105 F.3d 1288 (9th
    Cir. 1997) ......................................... 19

Jenkins Brick Co. v. Bremer, 321 F.3d 1366 (11th Cir.
    2003) .............................................. 13

Jones v. GNC Franchising Inc., 211 F.3d 495 (9th Cir.
    2000) .............................................. 18

Kehm Oil Co. v. Texaco, 537 F.3d 290 (3d Cir. 2008) ....... 7

Kim v. Kim, 324 F. Supp. 2d 628 (E.D. Pa 2004) ........... 20

Lomano v. Black, 285 F. Supp. 2d 637 (E.D. Pa. 2003) . 11, 15

Magic Toyota, Inc. v. Southeast Toyota Distributing, Inc., 784 F. Supp. 306 (D.S.C. 1992) .................. 11

Marten v. Godwin, 499 F.3d 290 (3d Cir. 2007) ........... 11

Mellon Bank v. Diveronica Brothers, 983 F.2d 551 (3d Cir. 1993) ........................................... 7

Norwood v. Kirpatrick, 349 U.S. 29 (1955) ............... 17

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312 (3d Cir. 2007) ............................................ 9

Pennzoil Products Co. v. Colelli & Associate, 149 F.3d 197 (3d Cir. 1998) .................................... 9

Pinker v. Roche Holdings Ltd., 292 F.3d 361 (3d Cir. 2002) ................................................ 9

Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981) ........ 19

Provident National Bank, 819 F.2d at 437 ................ 7

Rothstein v. Carriere, 41 F. Supp. 2d 381 (E.D. N.Y. 1999) ........................................... 12, 15

Ruiz de Molina v. Merritt & Furman Insurance Agency, 207 F.3d 1351 (11th Cir. 2000) ....................... 9

Stewart Organization v. Richo Corp., 487 U.S. 22 (1988) .............................................. 18

Telcordia Tech Inc. v. Telkom S.A., 458 F.3d 172 (3d Cir. 2006) ........................................... 8

Woodke v. Dahm, 70 F.3d 983 (8th Cir. 1995) ............. 13

**FEDERAL STATUTES**

28 U.S.C. §1391(a) .............................. 3, 12, 16

28 U.S.C. §1391(a)(2) ........................... 4, 13, 18

28 U.S.C. §1391(a)(3) ..................................... 16

28 U.S.C. §§ 1404(a) .................................. 4, 17

28 U.S.C. §1406(a) ................................... 13, 16

28 U.S.C. §1441(b) ....................................... 17

**FEDERAL RULES**

Fed. R. Civ. P.  45(c)(3)(A)(ii) ......................... 20

## I.    INTRODUCTION

Plaintiff has filed a three count amended complaint against a number of defendants arising out of an alleged breach of contract.  See Exhibit "A".  The subject of the lawsuit concerns actions and/or inactions taken by various defendants, previous owners of the property, defendants Bandwidth Companies, and current owner of the property, Digital 210 Tucker, LLC.   The real estate is located in St. Louis, Missouri and all of the alleged actions and/or inactions occurred in St. Louis, Missouri.

Pursuant to a Rackspace License Agreement ("License Agreement") between Axxa Commerce and Bandwidth Companies, Axxa Commerce leased certain space for the purpose of storing and utilizing certain servers and other computer equipment within a building located at 210 Tucker Boulevard in St. Louis, Missouri, then owned by the Bandwidth Defendants.  See Exhibit "B". Plaintiff alleges in the Amended Complaint that all of the defendants including Digital Realty Trust and Digital 210 Tucker (the subsequent and current owner of the property) failed to timely provide sufficient power, cooling, and fire suppression systems, among other alleged deficiencies.  See Exhibit "A".

Defendants Digital Realty Trust and Digital 210 Tucker move to dismiss plaintiff's complaint for lack of jurisdiction.  In

1

the alternative, defendants move to transfer venue based on the doctrine of forum non conveniens to the United States District Court for Eastern District of Missouri.

First, this Court lacks personal jurisdiction over defendant Digital 210 Tucker, LLC ("210 Tucker"). 210 Tucker has none of the requisite contacts with New Jersey to establish personal jurisdiction on a general or specific basis:

- 210 Tucker is incorporated in Delaware;
- 210 Tucker does no business in New Jersey; operating only in Missouri;
- 210 Tucker owns no property in New Jersey; owning property only in Missouri;
- 210 Tucker has no office in New Jersey, having it offices in Missouri;
- 210 Tucker has no employees that live or work in New Jersey;
- No employee of 210 Tucker has been to New Jersey for anything related to 210 Tucker's business; and
- 210 Tucker derives no revenue from activities in New Jersey.

Under either the general jurisdiction or specific jurisdiction test, 210 Tucker is not subject to personal jurisdiction in the District Court of New Jersey. As a result, the motion to dismiss should be granted.

Second, Plaintiff AXXA Commerce's claims against defendants relate entirely to events that occurred or allegedly should have occurred in the State of Missouri.  Plaintiff's allegations are that Digital Realty and 210 Tucker breached an Agreement for the license of physical space located in a building at 210 North Tucker Boulevard, St. Louis, Missouri ("the Property").  See Exhibit "A".  Specifically, Plaintiff alleges that the defendants failed to timely do the following:  supply the requisite amount and quality of power to the Property *in Missouri*; supply proper air conditioning and cooling to the Property *in Missouri*; maintain the Property *in Missouri* in such a manner as to not cause damage to plaintiff's equipment; install an adequate fire suppression system at the Property *in Missouri;* deliver the Property *in Missouri* in a timely manner; and properly charge Plaintiff for certain contractual items, including the installation of power at the Property in *Missouri*. There was nothing that defendants did or did not do in New Jersey.

It is evident that the only reason that this case was filed in this Court is that Plaintiff and its counsel maintain a place of business in New Jersey.  However, this does not provide a basis for venue.  See 28 *U.S.C.* §1391(a).  Thus, because a "substantial part of the events or omissions giving rise to the claim" did not occur in the State of New Jersey, venue is not

3

proper in this District pursuant to *28 U.S.C.* §1391(a)(2).

Moving defendants respectfully submit that the Court should

therefore dismiss this action for improper venue, or transfer it

to the Eastern District of Missouri (where the Property is

located) pursuant to 28 *U.S.C.* §§ 1404(a) and 1406(a).


II.  **FACTUAL BACKGROUND**

Plaintiff AXXA Commerce is in the business of providing

Internet web hosting and web server management.  See Exhibit

"A".  On or about August 9, 2007, Plaintiff entered into a

License Agreement with the Bandwidth Defendants.  See Exhibit

"B".  The License Agreement, which by its terms is governed by

the laws of the State of Missouri, granted Plaintiff a license

to utilize physical space in Suite 525 of the Property.  See

Exhibit "A", ¶26.  The Property contains the infrastructure to

support computer hardware, such as power, cooling, backup power,

fire protection and Internet access.  Customers typically come

to the Property to install and maintain their hardware.  See

Exhibit "C", Certification of Glenn Benoist.  Other than

installation and hardware maintenance, access is electronic via

phone or data lines, allowing a remote user in any part of the

country to operate the equipment housed at the Property.  See

Exhibit "C".  At the time the License Agreement was entered in

to, Bandwidth was the owner of the Property.  See Exhibit "A",
¶¶15, 26.

In or about April 2007, defendant Digital Realty and
Bandwidth entered into a Purchase and Sale Agreement.  See
Exhibit "C".  As a result of the Purchase and Sale Agreement,
defendant 210 Tucker became the owner of the Property, and the
Licensor in the Agreement.  See Exhibit "C".

210 Tucker is a Delaware limited liability company.
Digital is the sole owner of 210 Tucker.   210 Tucker has no
office in New Jersey, no employees in New Jersey and owns no
property in New Jersey.  210 Tucker does no business in New
Jersey.  No one from 210 Tucker has ever been to New Jersey for
any 210 Tucker business related purpose.  See Exhibit "C".

The Agreement provided for certain construction to be
performed at the Property, including the installation of
additional power, air conditioning, and a fire suppression
system.  See Exhibit "A", ¶30.  This construction was completed
by 210 Tucker, through its use of St. Louis-vicinity
construction companies.  See Exhibit "C".  All work was done in
St. Louis, Missouri.  Plaintiff's representatives traveled to
the Property to oversee the installation of hardware in Suite
525 at 210 Tucker Boulevard in St. Louis, Missouri.  See Exhibit
"C".

## III.  LEGAL ARGUMENTS

### A.    PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT LACKS JURISDICTION OVER THE MOVING DEFENDANTS

#### 1.    NEITHER GENERAL NOR SPECIFIC JURSIDICTION APPLIES

A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir.1987); see also Fed. R. Civ. P. 4(k). New Jersey's long-arm statute, embodied in New Jersey Court Rule 4:4-4(c), "extends to the limits of the Fourteenth Amendment Due Process [Clause] protection." Carteret Sav. Bank v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992). Accordingly, a court may exercise personal jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Courts may exercise personal jurisdiction under the theories of specific or general jurisdiction. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15; n.

9, (1984). Neither specific nor general jurisdiction is applicable to 210 Tucker in this case.

> ### a.    210 Tucker Is Not Subject To General Jurisdiction

General jurisdiction arises when a defendant possesses continuous and systematic contacts with the forum state. See Mellon Bank v. Diveronica Bros., 983 F.2d 551, 554 (3d Cir. 1993). It empowers a court to hear any claim against a defendant regardless of the claim's relationship to the defendant's in-forum contacts. Kehm Oil Co. v. Texaco, 537 F.3d 290, 300 (3d Cir. 2008).

A defendant must possess "significantly more than mere minimum contacts" to support exercise of general jurisdiction; rather, the defendant's contacts with the forum must be systematic and continuous. Provident Nat'l Bank, 819 F.2d at 437. The court must evaluate the "nature and quality" of a defendant's contacts in light of factors such as whether the defendant sells products, maintains a sales staff, derives significant revenue from, or advertises in the forum. Clark v. Matsushita Elec. Indus. Co., 811 F. Supp. 1061, 1067 (M.D. Pa. 1993).

210 Tucker has no contacts with New Jersey. It owns no property in New Jersey. It has no employees in New Jersey. It has no offices in New Jersey. All of 210 Tucker's operations

are located in Missouri.  See Exhibit "C".  210 Tucker has
neither continuous nor systematic contacts with New Jersey and
is not subject to general jurisdiction in New Jersey.[1]

           b.      210 Tucker Is Not Subject To Specific
                   Jurisdiction

     Specific jurisdiction requires that the plaintiff's claim
arise from the defendant's contacts with the forum in which the
court sits.  See Helicopteros Nacionales de Colombia, 466 U.S.
at 414 n. 8;  Telcordia Tech Inc. v. Telkom S.A., 458 F.3d 172,
177 (3d Cir. 2006).  Specific jurisdiction allows the court to
adjudicate claims related to a defendant's contacts with the
forum.

     Three alternative theories allow a court to acquire
specific jurisdiction over a defendant.  First, under principles
of purposeful availment, the court may exercise jurisdiction
over a defendant that has directed its activities into the
forum, thereby producing the alleged injury.  Second, the
stream-of-commerce theory provides jurisdiction over an out-of-
forum defendant if plaintiff's in-forum injury arises from a
product that defendant placed into channels of commerce.  Third,
the effects test announced in Calder v. Jones, 465 U.S. 783
(1984), confers jurisdiction over a defendant whose tortious

---

[1] The Complaint does not suggest that there is any basis to assert
general jurisdiction over 210 Tucker.

8

conduct performed outside the forum produced effects within the forum.  None of these three tests apply to confer jurisdiction over 210 Tucker.

### i.     Purposeful Availment Doctrine

Under the purposeful availment doctrine, a court may exercise specific jurisdiction if (1) the defendant purposefully directs its activities into a forum, (2) the case arises from those activities, and (3) the exercise of jurisdiction comports with fair play and substantial justice.  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007). Importantly, purposeful availment requires that a defendant invoke the forum's laws by performing a volitional act directed toward the forum.  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 270 (3d Cir. 2002).  Here, it is clear that plaintiff cannot meet its burden under three elements above.

### ii.     Stream of Commerce Theory

The stream-of-commerce theory requires that plaintiff's claim arise out of the flow of defendant's products into the forum.  See Pennzoil Prods. Co. v. Colelli & Assoc., 149 F.3d 197, 201 (3d Cir. 1998) (stating that specific jurisdiction requires a link between the defendant's activity directed in the forum and the plaintiff's harm); see also Ruiz de Molina v. Merritt & Furman Ins. Agency, 207 F.3d 1351, 1357 (11th Cir. 2000) ("The stream of commerce test for jurisdiction is met if

9

the nonresident's product is purchased by or delivered to a consumer in the forum state, so long as the nonresidents' conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there for claims arising out of that conduct.").

As provided in Bandwidth's motion to dismiss/transfer, all of the actions concerning the formation of the License Agreement occurred in Missouri.  Further, performance or alleged lack of performance of the terms of the License Agreement occurred or failed to occur in St. Louis, Missouri.  No product or service was provided in New Jersey and therefore the plaintiff cannot utilize the stream of commerce test to support its claim that defendants are subject to jurisdiction in the United States District Court of New Jersey.

### iii.    The Effects Test

A plaintiff may predicate specific jurisdiction upon a defendant's activities outside of the relevant forum if the plaintiff suffered the effects of the conduct within the forum. Imo Indus. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998). Often denominated the "Calder effects test" after the Supreme Court decision from which it derives, this form of specific jurisdiction requires the plaintiff to establish: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be

10

said to be the focal point of the harm suffered by the plaintiff as a result of the tort; [and] (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.  See Marten v. Godwin, 499 F.3d 290, 297 (3d Cir. 2007) (citing Imo Indus., 155 F.3d at 265-66).

AXXA Commerce does not allege any tortious activity being made by 210 Tucker.  For this reason alone, the effects test should not apply.  Further, the focal point of the harm is in St. Louis, Missouri.  The only claims against 210 Tucker relate to the failure to timely perform a contract in Missouri.  This is not enough for the effects test.

Based on all of the foregoing reasons, plaintiff cannot establish jurisdiction over defendants and thus the Amended Complaint must be dismissed.

## B.    VENUE IS NOT PROPER IN THE UNITED STATES DISTRICT COURT OF NEW JERSEY

It is the plaintiff's burden to affirmatively establish that venue is proper.  Lomano v. Black, 285 F.Supp. 2d 637, 641 (E.D. Pa. 2003);  Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc., 784 F.Supp. 306, 316 (D.S.C. 1992) ("When venue is challenged, it is the plaintiff's burden to prove that venue is proper in the forum state . . .").  Ordinarily, venue must be proper as to each defendant joined in the action.  And, where

11

separate claims are joined, venue must be proper as to each such claim. Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994); Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996); Rothstein v. Carrierre, 41 F.Supp. 2d 381, 386 (E.D. N.Y. 1999).

In a diversity case such as this, venue is proper only in a judicial district where: (1) any defendant resides, if all defendants reside in the same state, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where any defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought. See 28 U.S.C. §1391(a).

Here, plaintiff contends that venue exists in the District of New Jersey under subsection (2), and (erroneously) alleges that "a substantial part of the events and omissions giving rise to the claims set forth herein occurred in the District of New Jersey." See Exhibit "A", ¶17. The Amended Complaint contains no allegations supporting the assertion that a substantial part of the events and omissions took place in New Jersey. As discussed below, the events giving rise to this action did not occur in New Jersey, and this matter should be dismissed or transferred to the Eastern District of Missouri:

> The district court of a district in which is
> filed a case laying venue in the wrong
> division or district shall dismiss, or if it

be in the interest of justice, transfer such
case to any district or division in which it
could have been brought.

See 28 U.S.C. §1406(a).

    **1.   THE EVENTS GIVING RISE TO THE ALLEGED ACTIONS
AND/OR INACTIONS OCCURRED IN THE EASTERN DISTRICT
OF MISSOURI**

The test for determining whether venue is proper under 28
*U.S.C.* §1391(a)(2) is not the defendant's contacts with a
particular district, but rather the locations of those events or
omissions giving rise to the claim.  Cottman Transmission, 36 at
294.  Only those events that directly gave rise to the claim are
relevant, *i.e.* only those acts and omissions that have a close
nexus to the wrong."  Id. ("Events or omissions that might only
have some tangential connection with the dispute in litigation
are not enough");  Jenkins Brick Co. v. Bremer, 321 F.3d 1366,
1372 (11th Cir. 2003) (holding that venue proper in Georgia where
events that gave rise to employer's contract claim occurred
exclusively in Georgia, and events that occurred in Alabama had
no nexus with contract claim).

Protecting the defendant from being haled into court in a
remote forum is a relevant consideration.  Therefore, Congress'
reference to "events or omissions giving rise to the claim"
requires courts to focus on relevant activities to the
defendant, not the plaintiff.  Woodke v. Dahm, 70 F.3d 983, 985
(8th Cir. 1995).

Here, Plaintiff's claims against all of the defendants, Digital Realty and 210 Tucker specifically, are based upon alleged breaches of an Agreement for the license of physical space located in a building in St Louis, Missouri. Specifically, plaintiff alleges that the defendants failed to do the following:

- Supply the requisite amount and quality of power to the Property *in Missouri*;
- Supply proper air conditioning and cooling to the Property *in Missouri*;
- Maintain the Property *in Missouri* in such a manner as to not cause damage to plaintiff's equipment;
- Install an adequate fire suppression at the Property *in Missouri;*
- Deliver the Property *in Missouri* in a timely manner; and
- Properly charge plaintiff for certain contractual items, including the installation of power at the Property in *Missouri*.

See Exhibit "A", ¶¶40-41.

All of the work was to be performed in Missouri.  The alleged breach of these provisions, likewise, occurred only in Missouri, *i.e.*, the entire basis for this lawsuit is Plaintiff's allegation that the defendants failed to complete certain tasks in Missouri.  There was nothing that Digital Realty nor Tucker

210 did or did not do in New Jersey.  Thus, there can be no doubt that the "events or omissions" giving rise to plaintiff's claims against Digital Realty and/or 210 Tucker occurred in Missouri.[2]

It appears that the only basis upon which this action was filed in New Jersey is that the Plaintiff is located here.  However, this is not sufficient.  Arkwright Mut. Ins. Co. v. Scottsdale Ins. Co., 874 F. Supp. 601 (S.D.N.Y. 1995) (venue is not determined by residence of plaintiff); Iannello v. Busch Entm't Corp., 300 F. Supp. 2d 400 (E.D. Va. 2004) (plaintiff's residence in forum judicial district was not proper basis for venue).  In addition, the fact that a plaintiff felt injury in a judicial district does not indicate that a "substantial part of the events giving rise to" his claim occurred in that district.  Lomano, 285 F. Supp. 2d at 643 (". . . the fact that Lomano suffered injury within Pennsylvania is not enough to establish venue pursuant to Section 1391(a)(2)").

---

[2] Plaintiff has also included a fraud count against Bandwidth.  As no fraud claim is (or could be) made against Digital Realty or 210 Tucker, plaintiff's fraud allegations have no bearing on a determination as to whether venue against Digital Realty or 210 Tucker is appropriate in this state.  Hoover Group, 84 F.3d at 1410;  Rothstein, 41 F.Supp. 2d at 386; See also Cottman Transmission, supra. ("In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court has a choice. One option is to transfer the entire case to another district that is proper for both defendants. Another alternative is to sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district").

The other two potential bases for venue in New Jersey likewise do not apply.  Under *28 U.S.C.* §1391(a) subsection (1), venue is proper where any defendant resides, if all the defendants reside in the same state.  Neither Digital Realty nor 210 Tucker reside in New Jersey.  See Exhibit "A".  This provision cannot be used to establish venue in New Jersey.

The residual venue provision of subsection (3) of Section 1391(a) does not apply because it can only be invoked if "there is no district in which the action may otherwise be brought." *28 U.S.C.* §1391(a)(3).  Here, venue is proper in the Eastern District of Missouri, rendering subsection (3) inapplicable. Id.

Therefore, Digital Realty respectfully submits that the Court should dismiss this action for improper venue.  In the event that the Court is not inclined to dismiss this action, Digital Realty and 210 Tucker respectfully submits that it must be transferred to the Eastern District of Missouri (where the Property is located) pursuant to 28 *U.S.C.* §1406(a).

### 2.    TRANSFER IS APPROPRIATE TO THE EASTERN DISTRICT OF MSSOURI

Even in instances where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

28 *U.S.C.* §1404(a).  A district court has broad discretion to transfer an action to a more convenient forum.  *See* Norwood v. Kirpatrick*,* 349 U.S. 29, 30 (1955) (noting that district court's discretion to transfer motion pursuant to section 1404(a) is broader than court's discretion in applying doctrine of forum non conveniens).  In order to transfer an action to a more convenient venue, a court need only make two findings.

First, the transferee court must be one in which the action originally could have been commenced.  28 U.S.C. §1404(a); Colt Studio, Inc. v. Badpuppy Enter.*,* 75 F.Supp. 2d 1104, 1112 (C.D. Cal. 1999).  Second, the Court must consider the convenience of the parties and the witnesses, and the interests of justice. Id.

First, an action could have been brought in the transferee court for purposes of Section 1404(a) if: (1) the transferee court would have subject matter jurisdiction, (2) defendant is subject to personal jurisdiction in the transferee state, and (3) venue is proper in the transferee court.  Hoffman v. Blaski*,* 363 U.S. 335, 343-44 (1960).

It is clear that this action could have been commenced in the Eastern District of Missouri.  First, the district court in Missouri has the same diversity jurisdiction as this Court.  28 *U.S.C.* §1441(b).  Second, a Missouri court has personal jurisdiction over Digital Realty and 210 Tucker, owning property

17

in Missouri and having business operations there.  Likewise, as
the events and omissions giving rise to this action occurred in
St. Louis, venue is proper in the Eastern District of Missouri.
28 *U.S.C.* § 1391(a)(2).

Second, the decision to transfer venue involves an
"individualized, case-by-case consideration of convenience and
fairness."  Jones v. GNC Franchising Inc., 211 F.3d 495, 498
(9th Cir. 2000) (quoting Stewart Org. v. Richo Corp., 487 U.S.
22, 29 (1988)).  A court must weigh multiple factors in
determining whether transfer is appropriate in a particular
case.  Id.  The factors most relevant to the Court's decision
are:

(1)  Plaintiff's choice of forum.

(2)  Possibility of view of premises, if view would be
     appropriate to the action.

(3)  Ease of access to the evidence.

(4)  The interest in having the trial of a diversity case
     in a forum that is at home with the law that must
     govern the action, and the avoidance of unnecessary
     problems in conflict of laws.

(5)  Convenience of the parties.

(6)  Convenience of the witnesses.

(7)  Availability of compulsory process for attendance of
     unwilling third-party witnesses, and the cost of
     obtaining attendance of willing witnesses.

18

See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981).

The totality of these factors leads to the conclusion that this case should be transferred to the Eastern District of Missouri.

### a.    Plaintiff's Forum Choice Is Not Determinative

While the plaintiff's choice of forum is given some weight in determining whether an action should be transferred for convenience, it is merely one of several factors and is not determinative.  Jacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1302 (9th Cir. 1997) overruled on other grounds by Hughes Aircraft Co. v. Jacobson, 525 U.S. 432 (1999).  A plaintiff's choice of forum is entitled to considerably less weight when, like here, the forum lacks any significant contact with the activities alleged in the complaint (as discussed above).  See Chrysler Capital Corp. v. Woehling, 633 F.Supp.478, 482(De 1987).  Because the mere fact that plaintiff chose to file suit in New Jersey is not by itself determinative, the court must consider other factors.

### b.    Ease of Access to Evidence in Light of Location of the Property

As the claims stated by Plaintiff all relate to the physical condition of the Property, there is a possibility that a view of the property may become necessary.  The Property is

located in Missouri.  Likewise, the allegedly offending power,
air conditioning, and fire suppression system are located at the
Property in Missouri.  Four of the defendants – Digital 210,
Bandwidth, BEB-210, BEB-900 – are located in Missouri, as are
presumably all of their books and records.  See Exhibit "A",
¶¶7, 12-14.  Therefore, the ease of access to the evidence
factors heavily favor venue in Missouri.  See Kim v. Kim, 324 F.
Supp. 2d 628, 643 (E.D. Pa 2004).

       **c.**    **Convenience of Parties, Witnesses and
Compulsory Process**

Generally, the convenience of non-party witnesses is
accorded more weight than that of party witnesses.  Chrylser
Capital Corp., supra.  Here, there are no non-party witnesses
located in New Jersey.  Rather, all of the non-party witnesses
are located in Missouri.  For example, the persons who conducted
work on the Property, i.e., those persons who worked on the air
conditioning, power, fire suppression system, etc., are all
local to the job site in Missouri (and certainly not New Jersey
residents) as all of the work was performed in Missouri.  As
Plaintiff's claims relate to the state of these systems at the
Property and why the construction took longer than anticipated,
these Missouri residents will likely be witnesses in this
matter.  These non-party Missouri residents are not within the
subpoena power of this Court.  See Fed. R. Civ. P.

45(c)(3)(A)(ii).  Thus, the convenience of the parties and witnesses, and availability of compulsory process factors also heavily favor venue in Missouri.

Therefore, the totality of the circumstances indicates that this matter should be transferred to the Eastern District of Missouri in the interests of justice.


**IV.  <u>CONCLUSION</u>**

Based on all of the foregoing reasons, Plaintiff's Amended Complaint must be dismissed.  In the alternative, it is respectfully requested that this Court transfer venue to the Eastern District of Missouri.

Respectfully submitted

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:   */s/ Matthew J. Behr*
         MATTHEW J. BEHR, ESQUIRE
         Attorney for Defendants,
         Digital Realty Trust, L.P.
         and Digital 210 Tucker, LLC

DATED:  <u>April 21, 2009</u>

06/1487550.v1